**6**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530) 244-0907
Email: mdacquisto@charter.net

Attorney for John Reger Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 11-31467-B-7 |
| PRIVATE INDUSTRY COUNCIL OF MARSHA EDWARDS | DCN: MPD-9 |
| | Date: July 12, 2011 |
| Debtor / | Time: 9:32 a.m. |
| | Place: Courtroom 32, Dept B |
| | 501 I Street, 6th Floor |
| | Sacramento, CA 95814 |

## TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL BANKRUPTCY ESTATE ASSETS TO MARSHA EDWARDS

John Reger ("Reger"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with his motion for authorization to sell bankruptcy estate assets to Marsha Edwards ("Buyer").

### I. STATEMENT OF FACTS

These proceedings were instituted when the debtor Private Industry Council of Butte County filed a petition under the United States Bankruptcy Code on May 9, 2011. Reger was appointed the Chapter 7 trustee.

1. **Offer Summary**

Reger has accepted an offer from the Buyer subject to court approval and potential overbid to buy certain personal property of the debtor ("Property"). The Property being sold

consists of inventory, office equipment and supplies formerly located at the Feather River Kitchen & Gifts shop, 2005 Bird Street, Oroville, CA. The debtor listed this Property on Schedule B, as item 30 for the inventory at Feather River Kitchen & Gifts, with a value of $73,089.21. For the court's convenience and the parties' convenience, a list of the Property to be sold is set forth in Exhibit A (twenty seven pages) attached to the notice of hearing. That same document is filed as Exhibit A in support of this motion.

The Buyer owns the real property where Feather River Kitchen & Gifts was operating and had it leased to the debtor. The Buyer has offered to purchase the Property from the bankruptcy estate on the following terms. First, the Buyer will pay the bankruptcy estate $5,000.00 for the Property. Second, the Buyer will waive all pre petition rent claims for this location ($4,829.83). Third, the Buyer will not assert any post petition administrative rent claim. Reger and Buyer believe this amount is 0.00 because the Property was moved from the location being leased and the debtor had surrendered possession of that location back to Buyer as of April 20, 2011. A true and correct copy of the offer from the Buyer to purchase this Property is filed herewith as Exhibit B.

The Property is being sold "as is" and "where is" with no warranties or representations of any type.

2.  **Bidding Requirements**

Reger proposes to accept overbids from prospective purchasers interested in purchasing the Property. All prospective purchasers should recognize that they are offering to buy the Property on the identical terms as set forth in the offer from the Buyer filed herewith as Exhibit B with three changes. First, the price to be paid will be increased from $5,000.00 to the amount of the highest bid accepted by the court. Second, the high bidder will be required to pay the post petition administrative rent claims of the Buyer, if any are asserted (presently believed to be 0.00) and the pre petition rent claim of the Buyer ($4,829.83) which the Buyer is waiving as part of its offer to purchase. Third, the name of the buyer of the Property will be the highest bidder. All other terms of Exhibit B will remain unchanged. The highest bidder will be provided a contract to sign at the court hearing

reflecting these changes.

Reger proposes the following terms for qualification to bid and for bidding. First, Reger requires all bidders to deposit $5,000.00 with Reger or with Michael Dacquisto, counsel for the bankruptcy estate, in the form of cashier's check, wire transfer, or any other form acceptable to Reger in his sole discretion no later than 5:00 p.m. on July 8, 2011. Second, all bidders must provide Reger or Michael Dacquisto with proof of ability to close the sale, by way of cash, irrevocable letter of credit or in any other form acceptable to Reger in his sole discretion no later than 5:00 p.m. on July 8, 2011. Reger reserves the right to extend these deadlines in his sole discretion.

Third, Reger proposes overbidding be allowed in a minimum increments of $1,000.00, or in any other amount as the court may deem appropriate. If accepted by the court, this would make any opening bid (from a purchaser other than the Buyer) no less than $6,000.00 for the Property and $4,829.83 for the waived rent claim, or $10,829.83 total.

Fourth, Reger proposes that if a prospective purchaser deposits funds with Reger or Michael Dacquisto prior to the hearing and is not the highest bidder, those funds will be returned to the prospective purchaser no later than 48 hours after the sale is concluded in this court. The funds deposited with Reger or Michael Dacquisto from the highest bidder will be credited towards the purchase price. If the highest bidder fails to close the sale those funds will be retained by Reger, without further order from this court, as liquidated damages.

### 3. Projected Distribution of Sale Proceeds

At this time the Property to be sold is believed to be free and clear of all liens and encumbrances. The debtor listed no secured debt and no secured creditors on Schedule D. Reger has run a check of the UCC-1 filings in California under the debtor's name and that search revealed no filings.

In the event there is a claim of interest in any of the Property, from any party, Reger and his counsel will review evidence presented prior to the sale to determine whether a valid competing claim of interest exists. If Reger is satisfied that a valid competing claim exists, the property subject to that claim will be withheld from the sale or sold with the

condition that the proceeds from sale of that property only will be segregated until a final determination of the validity and extent of the competing claim of interest can be made. Alternatively, any party asserting a claim of interest in the property may initiate an adversary proceeding to determine the nature, extent and validity of the alleged claim of interest.

There are no costs of sale or other anticipated expenses. Reger seeks a sale free and clear of liens under 11 U.S.C. §363(f)(3) because the proposed purchase price exceeds the amount of any liens. Based on these facts if the $5,000.00 bid from the Buyer is the highest received all of the funds will be paid to Reger.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF BANKRUPTCY ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in

*Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Reger has sound business reasons for selling the Property. He will liquidate estate assets and receive $5,000.00 for distribution to creditors. Selling now prevents or reduces further delay, possible decrease in Property value and potential additional administrative expenses associated with continued holding of the Property. Under the circumstances this is a fair payment for the Property being sold and this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

In this case, there are no known lien holders which means the proposed purchase price will exceed the total value of liens against the Property. Therefore a sale free and clear of these liens under 11 U.S.C. §363(f)(3) would be appropriate.

**III. CONCLUSION**

For all the reasons set forth above Reger respectfully requests this court provide the following relief.

A. Enter an order authorizing Reger to sell the Property to the Buyer or to the highest bidder if not Buyer, under the terms and conditions set forth above and in the Offer to Purchase Property between Reger and the Buyer filed herewith as Exhibit B.

B. Enter an order approving the proposed bidding requirements and procedures set forth in the notice filed herewith and set forth above.

C. Enter an order authorizing Reger to sign all documents necessary or convenient to complete the sale.

D. Enter an order that no further motion or order of the court be required with regard to completing the sale.

E. Enter an order authorizing any further relief the court deems appropriate.

Date: June 21, 2011

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
JOHN REGER